J-S35029-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSEPH M. LEWIS | : | |
| | : | |
| Appellant | : | No. 1709 MDA 2017 |

Appeal from the Judgment of Sentence October 5, 2017
In the Court of Common Pleas of Bradford County
Criminal Division at No(s):  CP-08-CR-0000220-2017

BEFORE:  BENDER, P.J.E., PANELLA, J., and MURRAY, J.

MEMORANDUM BY PANELLA, J.            **FILED: NOVEMBER 9, 2018**

Joseph Lewis pled guilty to aggravated and simple assault based on charges he punched an acquaintance in the head from behind, causing her to fall to the pavement and break her jaw. Lewis argues the court abused its discretion in imposing a standard range sentence of four to eight years' imprisonment. Also, Lewis's counsel, Patrick Lee Beirne, Esquire, seeks permission to withdraw as counsel pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We grant counsel permission to withdraw, and affirm the judgment of sentence.

The trial court reviewed a video tape of the crime at hearing on Lewis's pre-trial petition for writ of *habeas corpus*, and gave the following summary:

> A car pulls into a gas station and the victim, a woman later identified as Lori Markle, after exiting the vehicle from the back

seat passenger side and casually standing near the car as she puts on her coat, begins to walk away from the car. When she is twenty or so feet away, the front passenger side door is quickly opened and a man, later identified as the defendant, Joseph Lewis, urgently exits the vehicle and bounds quickly after the victim, who appeared unaware of his approach because she had her back turned to him and was walking away from the car. As he nears the victim, which only takes a couple seconds, he pulls back his right arm and, as he continues to rapidly move towards her, unleashes a powerful blow with his right fist to hit her in the side of her head and face with a violent round house punch that had the energy of his large moving body behind it. The victim is driven by the blow off her feet and on to the pavement at approximately 1:54:38 on the surveillance video. She lays [sic] motionless except for some slight movements of her head. … As soon as the defendant delivered the blow, he casually walks back to the car, reaches into the backseat, grabs a man by his head and shoulders and pulls him out of the car and onto the pavement. The defendant then gets in the car which drives away leaving the victim motionless on the ground.

Trial Court Opinion, 7/26/17, at 2-3.

After the court denied Lewis's petition, Lewis pled guilty to aggravated assault and simple assault. The court determined the simple assault charge merged with the aggravated assault charge for sentencing purposes. And it imposed a standard guideline range sentence of four to eight years' imprisonment.

Lewis filed a post-sentence motion, but before the court could rule on it, he filed this appeal. The court ordered him to file a statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). The court then amended the sentencing order to include the amount of restitution imposed.

Lewis's privately retained counsel petitioned this Court to withdraw, and then filed a Rule 1925(b) statement. We granted counsel permission to

withdraw, and the Bradford County Public Defender's Office subsequently entered its appearance on behalf of Lewis. Attorney Beirne then entered his appearance as a member of the public defender's office.

Attorney Beirne has also filed a petition to withdraw. Despite some mis-steps,[1] Attorney Beirne has substantially complied with the mandated procedure for withdrawing as counsel. *See Santiago*, 978 A.2d at 361 (articulating *Anders* requirements); *Commonwealth v. Daniels*, 999 A.2d 590, 594 (Pa. Super. 2010) (providing that counsel must inform client by letter of rights to proceed once counsel moves to withdraw and append a copy of the letter to the petition). Lewis did not file a response.

As counsel has met his technical obligation to withdraw, we must now "make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Commonwealth v. Flowers*, 113 A.3d 1246, 1248 (Pa. Super. 2015) (citation omitted).

---

[1] There is no proof of service to Lewis attached to counsel's petition to withdraw. Nor does the letter advising Lewis of his rights under *Commonwealth v. Millisock*, 873 A.2d 748 (Pa. Super. 2005), indicate that the petition was enclosed. However, both the letter and the petition are attached to counsel's brief, which does include a certification of service upon Lewis dated April 10, 2017.

Also, counsel's brief is substantially in the form of an advocate's brief, rather than a traditional *Anders* brief. Additionally, the brief's statement of the case lacks citations to the record. These deficiencies do not hinder our ability to review this straightforward case.

Counsel identifies a single issue for our review. Lewis asserts the sentence imposed is "unduly harsh." **Anders** Brief, at 10. He concedes this is a challenge to the discretionary aspects of his sentence. **See id**.

"To preserve issues concerning the discretionary aspects of sentencing, a defendant must raise them during sentencing or in a timely post-sentence motion." **Commonwealth v. Feucht**, 955 A.2d 377, 383 (Pa. Super. 2008) (citations omitted). While Lewis did file a post-sentence motion, it only raised two issues: that his criminal record score was miscalculated, and that he is eligible for the Recidivism Risk Reduction Incentive program. **See** Post Trial [sic] Motions, filed 10/20/17. And the transcript from his sentencing hearing is not in the certified record. Lewis has thus arguably waived his challenge to the discretionary aspects of sentencing.

However, even assuming Lewis preserved this issue at sentencing, it has no merit.[2] **See Commonwealth v. Lilley**, 978 A.2d 995, 998 (Pa. Super. 2009) (stating that where counsel files an **Anders** brief, this Court will review discretionary aspects of sentencing claims that were not otherwise preserved).

Lewis contends his sentence was unduly harsh. As Lewis concedes, the court imposed a sentence in the standard range of the sentencing guidelines. **See Anders** Brief, at 10. A standard range sentence is presumptively

---

[2] We note the Pa.R.A.P. 2119(f) statement in counsel's brief does not present any challenge to the sentence. It is merely a recitation of the guideline calculations involved. Even in an **Anders** brief, counsel must present an issue in his Rule 2119(f) statement while noting that the issue is frivolous.

reasonable. *See*, *e.g.*, *Commonwealth v. Fowler*, 893 A.2d 758, 767 (Pa. Super. 2006). Thus, to succeed on this claim, Lewis has to show that "the case involves circumstances where the application of the guidelines would be clearly unreasonable[.]" 42 Pa.C.S.A. § 9781(c)(2). That is simply not the case here. Lewis ambushed a defenseless victim and broke her jaw. The sentence imposed is in no way disproportionate to the crime committed.

Additionally, the court had the benefit of a presentence investigation report ("PSI"). Thus, the law presumes the court was aware of and weighed relevant information regarding a defendant's character along with mitigating statutory factors. *See Commonwealth v. Hallock*, 603 A.2d 612, 616 (Pa. Super. 1992) ("It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.") *See also Commonwealth v. Tirado*, 870 A.2d 362, 368 (Pa. Super. 2005) (finding that where the sentencing court has a PSI "it is presumed that the sentencing court was aware of the relevant information regarding defendant's character and weighed those considerations along with mitigating statutory factors") (internal quotation marks omitted).

Lewis's challenge to the discretionary aspects of his sentence is meritless. Our independent review of the record reveals no other, non-frivolous issues that he could raise on appeal.

We affirm Lewis's judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/9/2018